# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONACIANO ROSALES-MAGANA,<br><br>Defendant. | CASE NO. 1:10-CR-000323-(3)-LJO<br><br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 101) |

Before the Court is Defendant Donaciano Rosales-Magana's *pro se* motion to reduce his sentence  (Doc. 101), under section 1B1.10(b)(1) of the United States Sentencing Guidelines ("U.S.S.G") and Amendment 782 ("the Amendment") to the U.S.S.G.,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the instant motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10 (Doc. 107), and Defendant filed a reply (Doc. 109). The Office of the Federal Defender filed notice that it did not recommend appointment of counsel in this case. *See* Doc. 105. Upon a thorough review of the parties' briefing, the record in

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

the case including the Probation Office's Presentence Report ("PSR")[2], and the relevant law, the Court will deny the motion.

## I.     BACKGROUND

On August 18, 2011, Defendant pleaded guilty to count 1 of a two-count Indictment for violation of sections 846, 841(a)(1), and 841(b)(1)(A) of Title 21 of the U.S. Code, conspiracy to distribute methamphetamine. Doc 73; PSR ¶ 1.

Defendant's PSR recommended a total offense level of 35. PSR ¶ 31. The applicable guideline for Defendant's offense is § 2D1.1, which predicates the base offense level upon the amount of drugs involved in the case. Under the version of § 2D1.1 applicable at the time the PSR was prepared, 1.5 kilograms of actual methamphetamine was the threshold amount required to trigger a base offense level of 38. *See* U.S.S.G. § 2D1.1(c) (2011). Thus, because Defendant's offense involved 4.2 kilograms of actual methamphetamine, the PSR determined his base offense level to be 38. PSR ¶ 19. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 35. *Id.* at ¶¶ 25-27. At a total offense level of 35, with a criminal history category of II, the Guidelines range was 188 to 235 months of imprisonment. *Id.* at 14. In light of Defendant's personal characteristics and history, the PSR recommended a sentence of 188 months of imprisonment, at the low end of the Guidelines range.

Before Defendant was sentenced, his previous attorney filed a sentencing memorandum requesting that the Court depart from the PSR's recommendation and impose a 135-month term of imprisonment on Defendant. Doc. 93. The reasons cited for this request included that Defendant was raised under difficult financial conditions in Mexico without the benefit of a father in his household, has assumed the responsibility of financially supporting his one biological child and several step-children, has maintained steady employment throughout his adult life, and his relatively minimal prior criminal history. *Id.* at 2. The memorandum further noted that were it not for the fact that Defendant was on unsupervised probation for a misdemeanor violation at the time of his 2008

---

[2] At the time Defendant was sentenced, the practice of the United States Probation Officer was typically not to file PSRs on the docket. Thus, for purposes of the instant motion, the Court obtained the PSR from the United States Probation Office.

1   conviction for driving under the influence of alcohol, he would have been eligible for the "safety

2   valve" and qualified for an advisory guideline range of 135-168 months. *Id.*

3       On December 12, 2011, this Court sentenced Defendant to a term of 150 months

4   imprisonment, below the minimum of the Guidelines range recommended by the PSR. *See* Doc. 94.

5   **II.     LEGAL STANDARD**

6       "A federal court generally 'may not modify a term of imprisonment once it has been

7   imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

8   However, a federal sentencing court is authorized to modify an imposed sentence when the relevant

9   sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2);

10  *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the

11  case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

12  that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014,

13  the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table

14  and chemical quantity tables across drug and chemical types. The Commission also voted to make

15  the Amendment retroactively applicable to previously sentenced defendants. *United States v.*

16  *Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015). "[T]he only 'appropriate use' of sentence

17  modification proceedings under section 3582(c) is to adjust a sentence in light of a Guidelines

18  amendment," so courts may not use such proceedings "as a 'full resentencing' that reconsiders a

19  sentence based on factors unrelated to a retroactive Guidelines amendment." *United States v. Fox*,

20  631 F.3d 1128, 1132 (9th Cir. 2011).

21  **III.    DISCUSSION**

22      By his motion, Defendant requests a reduction in his sentence under Amendment 782,

23  enumerated in U.S.S.G. § 1B1.10(d). Specifically, Defendant notes that at the time of his original

24  sentencing, the Court exercised a downward departure of 38 months from 188 months to 150

25  months, and asks that the Court now grant him 38-month departure from 150 months to 113 months

26  because Amendment 782 has modified the Guidelines range applicable at the time he was sentenced.

27  Doc. 101.

28

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

Here, Defendant does not dispute that he received a downward variance at sentencing when the Court imposed a below-Guidelines sentence of 150 months, 38 months less than the PSR's recommendation of 188 months. *See* Doc. 101. In his reply to the Government's opposition, he argues that the Court "has authority to reduce his sentence comparable to the same way it did at his original sentencing," and asks that the Court take into consideration "the very same reasons it used to vary downward of his original guideline and recalculate the same here after amendment 782." Doc. 109 at 2. However, Defendant's argument is squarely foreclosed by § 1B1.10(b)(2)(A), which provides that the Court may not reduce a defendant's term of imprisonment to a term less than the minimum of the amended Guidelines range. *See United States v. Davis*, 739 F.3d 1222, 1224 (9th

4

Cir. 2014). Although it is accurate that under the Amendment, the adjusted drug quantity table reduces Defendant's base offense level from 38 to 36, Defendant misapprehends the effect on the Court's authority to reduce his below-guideline sentence. The practical effect of Amendment 782 is an adjusted range of 151 to 188 months. Defendant's original sentence of 150 months is still less than the amended range of 151 to 188 months. As a result, the Court lacks authority to reduce further Defendant's sentence. *See id.* at 1225-26 (§ 3582(c) proceedings have a "narrow scope" and are not intended to be plenary re-sentencings).

The Court therefore finds that Defendant is not eligible for a sentence reduction under § 3582(c) because the Court previously imposed a sentence below the amended guidelines range. *See id.* To the extent that Defendant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As Defendant not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

**IV.    CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Donaciano Rosales Magana's motion to reduce his sentence (Doc. 101) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **January 29, 2016**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE